IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEROME CLARK,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAN, et al.,<br><br>    Defendants.<br>_____/ | 2:08-CV-01873-RRC<br><br>**ORDER**<br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS,**<br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO EXHAUST, AND**<br>**(3) DIRECTING ENTRY OF JUDGMENT** |

Plaintiff, a state prisoner proceeding pro se, has filed an application to proceed in forma pauperis in his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915. The Court will dismiss the action without prejudice.

I.    Application to Proceed In Forma Pauperis and Filing Fee

Plaintiff's Application to Proceed In Forma Pauperis satisfies the requirements of 28 U.S.C. § 1915(a), therefore, his request to proceed in forma pauperis is granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been and is currently without funds so the Court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff is required to make monthly payments of twenty percent of the preceding month's income to be credited to Plaintiff's prison trust account. The California

Department of Corrections shall collect and forward these payments to the Clerk of the Court each time the amount in Plaintiff's trust account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaint

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint may be dismissed for failure to state a claim if the allegations show the plaintiff is not entitled to relief because of an affirmative defense such as a failure to exhaust administrative remedies. Jones v. Bock, 549 U.S. 199, 215-16 (2007); see Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005) (noting a prisoner's failure to exhaust administrative remedies is an affirmative defense rather than a jurisdictional requirement). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Exhibits attached to the complaint may be considered in determining whether dismissal is proper. Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

The Prison Litigation Reform Act's (PLRA) exhaustion provision states "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to exhaust administrative remedies within the California Department of Corrections, "a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, (4) third level appeal to the director of the California Department of Corrections." Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997); see 15 Cal. Code Regs. § 3084.5.

"[A] district court must dismiss a case without prejudice when there is no *presuit* exhaustion,

even if there is exhaustion while suit is pending." Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (internal quotation marks omitted); see also McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (holding dismissal is required for failing to satisfy the PLRA's exhaustion requirement). If the Court concludes that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); see also id. ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]").

On August 12, 2008, Plaintiff submitted the present action claiming Dr. Tran, Dr. Rohrer, Dr. Collinsworth, Dr. Noriega, and Dr. Freedhand acted with deliberate indifference to his medical needs in the course of treating his hand fracture.[1] On March 30, 2009, Plaintiff's third level appeal to the Director was denied. The Director's decision stated "This decision exhausts your available administrative remedy within the CDCR."

As Plaintiff had not exhausted his administrative remedies for any claim as of the date he initiated this action, the entire action will be dismissed without prejudice. See O'Guinn v. Lovelock Correctional Ctr., 502 F.3d 1056, 1059 n.1 (9th Cir. 2007) (concluding a prisoner was not entitled to amend his complaint to reflect that he had exhausted his administrative remedies after bringing suit); Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006) (holding administrative remedies must be exhausted by the time the prisoner submits a complaint to the court); see also McKinney, 311 F.3d at 1200 ("While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit."). However, this dismissal is without prejudice to Plaintiff timely re-filing his claims in a new action after he has properly exhausted his available administrative remedies. If Plaintiff decides to file a new action once exhaustion is complete, it will be a new action and should be accompanied by the filing fee or a properly completed application to proceed in forma pauperis.

---

[1] Any claims the Plaintiff may have included against the "Prison Medical Care System" at the "California State Prison" are dismissed because state agencies are entitled to Eleventh Amendment immunity. See Hunt v. Dental Dep't, 865 F.2d 198, 200-01 (9th Cir. 1989) (noting departments of a state agency are immune from § 1983 actions).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed In Forma Pauperis is <u>granted</u>.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The Director of the California Department of Corrections or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

3. The action is <u>dismissed</u> without prejudice for failure to exhaust available administrative remedies prior to bringing suit. The Clerk is directed to close this case and enter judgment accordingly.

DATED: May 13, 2009.

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE